NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THOMAS A. D. WHEELER,
*Plaintiff/Appellant*,

v.

SARA DAVIS,
*Defendant/Appellee*.

No. 1 CA-CV 20-0146
FILED 8-24-2021

Appeal from the Superior Court in Maricopa County
No.  CV2014-090071
The Honorable Tracey Westerhausen, Judge

**AFFIRMED**

COUNSEL

Thomas A. D. Wheeler, Mesa
*Plaintiff/Appellant*

Copper Canyon Law, LLC, Mesa
By D. Cody Huffaker
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

¶1 Thomas Wheeler appeals the superior court's judgment in favor of Sara Davis for damages and attorney fees arising from Wheeler's breach of a settlement agreement. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 This appeal arises from a lawsuit and settlement agreement between siblings over jointly-owned real property. The superior court appointed a settlement judge to conduct a settlement conference in May 2018. After 10-plus hours of negotiations, the parties entered a "full settlement" agreement of their dispute under Rule 80(d), Ariz. R. Civ. P. The written settlement agreement directed the parties "to submit any disagreement" over its "terms or implementation" to the settlement judge "for binding resolution." The parties notified the superior court of the settlement and promised to "submit a Notice of Dismissal" once a formal agreement was finalized. The lawsuit was dismissed without prejudice in January 2019.

¶3 About three months later, Davis informed the settlement judge that Wheeler had breached the settlement agreement and asked the settlement judge to resolve the dispute. The settlement judge moved the superior court to "reopen the case for the limited purpose of a further hearing to resolve disputes regarding implementation of the settlement," which the superior court granted, directing the settlement judge to "conduct a hearing to resolve disputes regarding implementation of the terms of the settlement agreement," and ordering the resolution "shall be binding on the parties pursuant to the . . . settlement agreement."

¶4 Wheeler and Davis appeared at the hearing. Wheeler argued the settlement judge had no authority to proceed with a hearing or issue a binding decision. The settlement judge rejected that argument and the hearing moved forward. Wheeler and Davis testified under oath. Wheeler

conceded he breached the settlement agreement and agreed to "accept any penalty" for his actions.

¶5        The settlement judge submitted his report and recommendation to the superior court on July 31, 2019, finding that Wheeler breached the agreement and ordering "Wheeler to pay damages and specifically perform his contractual obligations." On August 15, the superior court adopted the report and recommendations as a "formal order[]." The same day, Wheeler filed a pro se objection to the settlement judge's report and recommendation, arguing "[t]here was and is no ability in anyone to create jurisdiction to re-open a case" for the settlement judge "to make findings," and the settlement judge exceeded his authority. On August 21, the superior court rejected Wheeler's objection because he was previously represented by counsel in the lawsuit and his attorney had not withdrawn. Wheeler's attorney formally withdrew on August 25. The record does not show that Wheeler reasserted his objection. The superior court then issued a judgment mirroring the settlement judge's recommendation. Wheeler timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6        Wheeler raises two arguments on appeal. He argues he "never agreed or asked for the settlement judge to sit in any adversarial determination of the case after the disagreement arose," and contends "there is no power or jurisdiction anywhere that enable[d]" the settlement judge "to sua sponte reopen a case, or sit later adversarily [sic]."[1]

¶7        We reject the first argument as unsupported by the terms of the settlement agreement. General principles of contract law govern determinations concerning the validity, interpretation, and scope of settlement agreements. *See Emmons v. Superior Ct.*, 192 Ariz. 509, 512, ¶ 14 (App. 1998). "The purpose of contract interpretation is to determine the parties' intent and enforce that intent." *Roe v. Austin*, 246 Ariz. 21, 26, ¶ 17 (App. 2018) (citing *Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593, ¶ 9 (App. 2009)). Here, the parties agreed "to submit any disagreement" over the settlement agreement's "terms or implementation" to the

---

[1]        Wheeler might have waived the arguments by not reasserting them after his counsel withdrew, but wavier is discretionary and we resolve his arguments on the merits in the interest of judicial economy. *See Noriega v. Town of Mia.*, 243 Ariz. 320, 326, ¶ 27 (App. 2017).

settlement judge "for binding resolution." That is what happened. We find no error.

¶8          We also reject the second argument. To begin, the settlement judge did not "sue sponte reopen [the] case, or sit later [adversely]." Instead, he moved the court to reopen the case under the settlement agreement and then heard and resolved the "disagreement" between the parties over the terms of that agreement. Beyond that, Arizona Rule of Civil Procedure 60 authorizes the superior court to relieve parties from a final order or judgment based on any reason "justifying relief." Ariz. R. Civ. P. 60(b)(6).[2]  The superior court has "extensive discretion" and "broad equitable power[s]" to grant relief under Rule 60, *Gonzalez*, 243 Ariz. at 534, ¶ 11, when "appropriate to accomplish justice," *Webb v. Erickson*, 134 Ariz. 182, 186 (1982). Thus, while Davis could have filed a separate cause of action for breach of the settlement agreement, neither the settlement agreement nor the civil rules prohibited her from seeking to reinstate the case. Because the record has ample evidence to support the superior court's decision, we find no error.

¶9          Davis requests her attorney fees on appeal under A.R.S. § 12-341.01(A), which we award, along with her costs on appeal, upon compliance with ARCAP 21.

### CONCLUSION

¶10          We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

2          "The Arizona Rules of Civil Procedure changed in 2016, reorganizing Rule 60(c) as Rule 60(b), without substantive change." *Gonzalez v. Nguyen*, 243 Ariz. 531, 532, ¶ 1 n.1 (2018). Therefore, the cases cited in this decision reference Rule 60(c), but this provision is substantively identical to the current Rule 60(b).